[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 637.]

WAYNE COUNTY BAR ASSOCIATION *v*. NAUMOFF.

[Cite as *Wayne Cty. Bar Assn. v. Naumoff*, 1996-Ohio-244.]

*Attorneys at law—Misconduct—Six-month suspension—Aiding a non-lawyer in the unauthorized practice of law—Delegating tasks to lay persons without maintaining a direct relationship with client.*

(No. 95-2179—Submitted December 6, 1995—Decided February 28, 1996.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 94-45.

_____

{¶ 1} On June 20, 1994, relator, Wayne County Bar Association, filed a complaint with the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") charging Mitchell Naumoff of Barberton, Ohio, Attorney Registration No. 0037544, with two violations of the Disciplinary Rules and one violation of the Ethical Considerations. The complaint alleges that Naumoff violated DR 3-101(A) (aiding a non-lawyer in the unauthorized practice of law) and 5-107(B) (permitting a person who recommends, employs, or pays him to render legal services for another to direct or regulate his professional judgment in rendering such legal services). The complaint also alleged a violation of EC 3-6 (delegating tasks to clerks, secretaries and other lay persons is proper if the lawyer maintains a direct relationship with his client, supervises the delegated work, and has complete professional responsibility for the work product). The parties stipulated some facts, and a panel of the board heard the matter on August 11, 1995.

{¶ 2} In 1991, respondent became acquainted with Terry M. Sustar, who operates the Data View Tax Service in Wooster, Ohio. In September 1993, Sustar asked respondent if Sustar could refer estate planning matters to respondent.

Respondent then gave work sheets to Sustar for Sustar to gather data for preparing legal documents.  Respondent developed a working relationship with Sustar.

{¶ 3} In that year, Mrs. Audry Peterman, a seventy-one-year-old widow residing in Wayne County, attended two seminars conducted by Sustar.  Sustar gave Peterman work sheets for her to complete and forward directly to respondent. Respondent thereafter prepared documents for Peterman, including a will, a living trust, financial power of attorney, health care power of attorney, and a living will. Respondent never met personally, nor corresponded, with Peterman.  Respondent forwarded the documents to Sustar for Peterman to execute on November 16, 1993. Sustar collected a fee of $731 from Mrs. Peterman for Sustar's services, which included respondent's fee.

{¶ 4} As a result of a question on the documents, Peterman contacted a member of relator.  Relator subsequently filed the instant complaint.

{¶ 5} Relator asked the board to publicly reprimand respondent; respondent asked the board to dismiss the complaint.

{¶ 6} Nevertheless, the panel found that respondent violated DR 3-101(A). The panel ruled that finding a violation of this Disciplinary Rule did not require, as a condition precedent, a judicial determination that Sustar had engaged in an unauthorized practice of law.  The panel also found a violation of EC 3-6.  Finally, the panel recommended that we suspend respondent from the practice of law for six months and stay the suspension on condition that respondent cease the conduct producing the violation.

{¶ 7} The board adopted the findings of fact and conclusions and recommendation of the panel.  The panel and the board did not base the recommended sanction on the violation of EC 3-6.

_____

*Robert N. Gluck* and *G. Kenneth Barnard,* for relator.

*Timothy J. Truby*, for respondent.

———————————

*Per Curiam*.

{¶ 8} After reviewing the record, we adopt the board's findings and conclusions. However, we note that we publicly reprimanded respondent on October 16, 1991, for charging an excessive fee. We, therefore, impose an actual suspension of six months on respondent and tax costs to him.

*Judgment accordingly*.

MOYER, C.J., WRIGHT, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

DOUGLAS and RESNICK, JJ., dissent.

———————————

**DOUGLAS, J., dissenting.**

{¶ 9} I would adopt the penalty as recommended by the board. Because the majority does not do so, I respectfully dissent.

RESNICK, J., concurs in the foregoing dissenting opinion.

———————————